1  Eric Slocum Sparks
   Arizona State Bar No. 11726
2  LAW OFFICES OF ERIC SLOCUM SPARKS, P.C.
   3505 North Campbell Avenue #501
3  Tucson, Arizona 85719
   Telephone (520) 623-8330
4  Facsimile (520) 623-9157
   Attorney for Debtors
5
6              IN THE UNITED STATES BANKRUPTCY COURT
7                  FOR THE DISTRICT OF ARIZONA
8  In re:                          )
                                   )    No. 4:18-bk-03317-SHG
9  JAY D SEXTON                    )
   RUBY L SEXTON,                  )    (Chapter 11)
10                                 )
          Debtors.                 )    CHAPTER 11 PLAN OF REORGANIZATION
11                                 )    DATED SEPTEMBER 26, 2018
                                   )    PROPOSED BY DEBTOR
12                                 )
13        Debtors Jay D Sexton and Ruby L Sexton, by and through their undersigned counsel, respectfully
14  submit this Chapter 11 Plan of Reorganization Dated September 26, 2018 under Title 11 of the United
15  States Code (the "Bankruptcy Code").
16
17
18
19
20
21
22
23
24
25
26
27
28                                        1

**TABLE OF CONTENTS**

| I. | INTRODUCTION | 4 |
|---|---|---|
| II. | DEFINITIONS | 4 |
| III. | CLASSIFICATION AND TREATMENT OF CLAIMS | 8 |
| A. | Non-Voting Classes | 8 |
| 1. | Class 1 Administrative Expenses and Fees | 8 |
| B. | Classified Claims | 8 |
| 1. | Classes of Secured Claims | 8 |
| 2. | Class 9 Priority Non-Tax Claims | 14 |
| 3. | Class 10 Priority Tax Claims | 14 |
| 4. | Class 11 General Unsecured Claims | 15 |
| 5. | Cramdown and Absolute Priority Rule | 17 |
| C. | Acceptance or Rejection of Plan | 18 |
| D. | Means of Effectuating the Plan | 18 |
| 1. | Funding for the Plan | 18 |
| 2. | Assets To Be Retained by Debtor | 19 |
| 3. | Feasibility | 19 |
| 4. | Liquidation Analysis | 19 |
| 5. | Disbursing Agent | 19 |
| IV. | TREATMENT OF MISCELLANEOUS ITEMS | 19 |
| A. | Executory Contracts and Unexpired Leases | 19 |
| 1. | Assumptions | 19 |
| 2. | Rejections | 20 |
| 3. | Claims Bar Date for Rejected Contracts and Leases | 20 |
| B. | Retention of Jurisdiction | 20 |
| C. | Procedures for Resolving Contested Claims | 21 |
| D. | Notices under the Plan | 21 |

2

| V. | **EFFECT OF CONFIRMATION OF PLAN** | 21 |
|----|-----------------------------------|----|
| A. | Discharge | 21 |
| B. | Re-vesting of Property in Debtor | 22 |
| C. | Modification of Plan | 22 |
| D. | Post-Confirmation Conversion/Dismissal | 22 |
| E. | Post-Confirmation Quarterly Fees | 23 |

3

## I. INTRODUCTION.

Jay D Sexton and Ruby L Sexton is the debtor in a Chapter 11 bankruptcy case. On March 30, 2018 Jay D Sexton and Ruby L Sexton commenced a bankruptcy case by filing a voluntary Chapter 11 petition under the Bankruptcy Code. This document is the Chapter 11 plan proposed by Debtor ("Proponent"). Sent to you along with this document is the Disclosure Statement, which has been approved by United States Bankruptcy Court for the District Arizona, and is provided to help you understand the Plan. This is a reorganizing plan. The Proponent seeks to accomplish payments under the Plan by lowering monthly expenses to utilize the improved cash flow to fund the Plan. The Effective Date of the proposed Plan is the first business day following the 30th day after entry of the Court of an order confirming the Plan.

As required by the Bankruptcy Code, the Plan classifies Claims in various Classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each Class of Claims is impaired or unimpaired. The Plan provides the treatment each Class will receive under the Plan.

## II.      DEFINITIONS.

**Scope of Definitions.** For purposes of this Plan, except as expressly provided or unless the context otherwise requires, all capitalized terms not defined shall have the meanings assigned to them in this Section of the Plan. In all references herein to any parties, persons, entities, or corporations, the use of any particular gender or the plural or singular number is intended to include the appropriate gender or number as the text may require.

**1.      Administrative Expense** shall mean any cost or expense of administration of the Chapter 11 case allowable under Bankruptcy Code § 503, including, without limitation, any actual and necessary expenses of preserving Debtor's estate, any actual and necessary expense of operating Debtor's business, any indebtedness or obligation incurred or assumed by Debtor in connection with the conduct of its business or for the acquisition or lease of property or the rendition of services to Debtor, all allowances of compensation and reimbursement of expenses, any fees, or charges assessed against the estate of any Debtor under Chapter 123, Title 28, of the United States Code, and the reasonable fees and expenses incurred by the Proponent in connection with the proposal and Confirmation of this Plan.

4

2. **Allowed** when used as an adjective preceding the word "Claims" shall mean any Claim against Debtor, proof of which was filed on or before the date designated by the Bankruptcy Court as the last date for filing proofs of claim against such Debtor, or if no proof of claim is filed that has been or hereafter is listed by Debtor as liquidated in amount and not disputed or contingent, and in either case, a Claim as to which no objection to the allowance of which has been submitted within the applicable time period fixed by the Plan, the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, Local Rules, or as to which any objection has been submitted and such Claim has been Allowed in whole or in part by a Final Order. Unless otherwise specified in the Plan, "Allowed Claim" shall not, for purposed of computation of distributions under the Plan, include interest on the amount of such Claim from and after the Petition Date.

3. **Bankruptcy Code** shall mean the Bankruptcy Reform Act of 1978, as amended, and as codified in Title 11 of the United States Code.

4. **Bankruptcy Court** shall mean the United States Bankruptcy Court for the District of Arizona having jurisdiction over the Chapter 11 Case, and to the extent of any reference made pursuant to 28 U.S.C. § 158, the unit of such District Court constituted pursuant to 28 U.S.C. § 151.

5. **Bankruptcy Rules** shall mean the rules and forms of practice and procedure in bankruptcy, promulgated under 28 U.S.C. § 2075 and also referred to as the Federal Rules of Bankruptcy Procedure.

6. **Claim** shall mean any right to payment from Debtor whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from Debtor whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured, as such term is defined under Bankruptcy Code § 101(5).

7. **Class** shall mean a grouping of substantially similar Claims for common treatment thereof pursuant to the terms of this Plan.

8. **Confirmation** shall mean the entry of an Order by this Bankruptcy Court approving the

5

Plan in accordance with the provisions of the Bankruptcy Code.

**9.** **Creditor** shall mean any Person that has a Claim against Debtor that arose on or before the Petition Date or a Claim against Debtor's estate of any kind specified in Bankruptcy Code §§ 502(g), 502(h) or 502(I). This includes all persons, corporations, partnerships, or business entities holding Claims against Debtor.

**10.** **Debt** means, refers to, and shall have the same meaning as defined under Bankruptcy Code § 101(12).

**11.** **Disbursing Agent** shall mean the person or entity appointed by and subject to Bankruptcy Court approval, which shall effectuate this Plan and hold and distribute consideration to be distributed to holders of Allowed Claims pursuant to the provisions of the Plan and Confirmation Order.

**12.** **Disclosure Statement** means and refers to the Disclosure Statement filed in connection with this Plan, as required pursuant to Bankruptcy Code § 1125 *et seq*.

**13.** **Effective Date** shall mean the day on which the Confirmation Order becomes a Final Order.

**14.** **Final Order** shall mean an order of the Bankruptcy Court or a court of competent jurisdiction to hear appeals from the Bankruptcy Court, which not having been reversed, modified, or amended, and not being stayed, and the time to appeal from which or to seek review or rehearing of which having expired, has become final and is in full force and effect.

**15.** **Impaired** when used as an adjective preceding the words "Class of Claims," shall mean that the Plan alters the legal equitable, or contractual rights of a member of that Class.

**16.** **Person** shall mean an individual, a corporation, a partnership, an association, a joint stock company, a joint venture, an estate, a trust, an unincorporated organization, or a government or any political subdivision thereof or other entity.

**17.** **Petition Date** shall mean the date on which Debtor, or petitioning Creditors, filed the petition for relief commencing this Chapter 11 case.

**18.** **Plan** shall mean this Plan of Reorganization filed in these Proceedings, together with any additional modifications and amendments.

6

19.     **Priority Non-Tax Claim** shall mean a Claim entitled to priority under Bankruptcy Code §§ 507 (a), except Claims arising under Bankruptcy Code § 507 (a)(8), but only to the extent it is entitled to priority in payment under any such subsection.

20.     **Priority Tax Claim** shall mean any Claim entitled to priority in payment under Bankruptcy Code § 507(a)(8), but only to the extent it is entitled to priority under such subsection.

21.     **Proceedings** shall mean this Chapter 11 case of Debtor.

22.     **Professional Person** means and refers to attorneys, accountants, appraisers, consultants, and other professionals retained or to be compensated pursuant to an Order of the Bankruptcy Court entered under Bankruptcy Code §§ 327, 328, 330, and/or 503(b).

23.     **Proponent** shall mean the Person who filed the Plan and Disclosure Statement.

24.     **Reorganized Debtor** means Debtor after Confirmation of the Plan.

25.     **Secured Claim** means and refers to a Claim that is secured by a valid lien, security interest, or other interest in property in which Debtor has an interest, which has been properly perfected as required by applicable law, but only to the extent of the value of Debtor's interest in such property, determined in accordance with Bankruptcy Code § 506(a).

26.     **Unsecured Claim** shall mean a Claim against Debtor arising prior to the Petition Date and is not: (i) a Secured Claim under Bankruptcy Code § 506; or (ii) a Claim entitled to priority under Bankruptcy Code §§ 503 or 507. "Unsecured Claim" shall include all Claims against Debtor that are not expressly otherwise dealt with under the Plan.

27.     **Other Definitions,** a term used and not defined herein, but which is defined under the Bankruptcy Code shall have the meaning set forth under the Bankruptcy Code. The words "herein", "hereof", "hereto", "hereunder", and others of similar import refer to the Plan as a whole and not to any particular section, subsection, or clause contained in the Plan. Some terms defined herein are defined in the section in which they are used.

7

## III.  CLASSIFICATION AND TREATMENT OF CLAIMS

### A.  Non-Voting Classes.

Certain types of Claims are not placed into voting Classes; instead they are classified. They are not considered Impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them under the Bankruptcy Code. As such, the Proponent has placed the following Claims in a Class. The treatment of these Claims is provided below.

#### 1.  Class 1 Administrative Expenses and Fees.

Administrative Expenses are Claims for costs or expenses of administering Debtor's Chapter 11 case, which are allowed under Bankruptcy Code § 503(b). Fees payable to the Clerk of the Bankruptcy Court and the Office of the United States Trustee were also incurred during the Chapter 11 case.

The Bankruptcy Code requires that all administrative expenses be paid on the Effective Date of the Plan, unless a particular claimant agrees to different treatment. The Bankruptcy Court must approve all professional compensation and expenses. Each Professional Person requesting compensation in the case pursuant to Bankruptcy Code §§ 327, 328, 330, 331, 503(b) and/or 1103 shall file an application for allowance of final compensation and reimbursement of expenses not later than sixty (60) days after the Confirmation Date. Nothing herein shall prohibit each Professional Person from requesting interim compensation during the course of this case pending Confirmation of this Plan. No motion or application is required to fix fees payable to the Clerk's Office of the Office of the United States Trustee, as those fees are determined by statute. The Administrative Claims to be paid on the Effective Date will total approximately $20,000.00 for an administrative expense claim to Eric Slocum Sparks, P.C. to be paid on the Effective Date unless otherwise agreed to between the Debtors and the administrative creditor.

### B.  Classified Claims.

#### 1.  Classes of Secured Claims.

Secured Claims are Claims secured by liens on property of the estate.

The following represents all Classes containing pre-petition Secured Claims and their treatment under this Plan:

8

**Class 2 Property to Be Surrendered**

| Class 2 | Name of Creditor | Description of Collateral |
|---------|------------------|---------------------------|
| 2A | None | |

Debtor will surrender the above collateral on the Effective Date of the Plan. The Confirmation Order will constitute an order for relief from stay. Any Secured Claim in this category is satisfied in full through surrender of collateral. Any remaining allowed deficiency Claim is a general Unsecured Claim and will be treated, and the creditor will vote, in Class 11 below. **These Secured Claims are not Impaired and are not entitled to vote as a Class 2 creditor.**

**Class 3 Property to Be Sold**

| Class 3 | Name of Creditor | Description of Collateral | Value of Collateral | Sale Terms |
|---------|------------------|---------------------------|---------------------|------------|
| 3A | None | | | |

Debtor will sell the above collateral after the Effective Date of the Plan. Any Secured Claim will be satisfied in full through sale of the collateral. Any remaining allowed deficiency Claim is a general Unsecured Claim and will be treated in Section Class 11 below. **These Secured Claims are Impaired and are entitled to vote.**

9

**Class 4 Secured Creditors' Rights Remain Unchanged**

| Class 4 | Name of Creditor | Description of Collateral | Payment Terms |
|---------|------------------|---------------------------|---------------|
| 4A | Robert E. Beck and Esther L. Beck Revocable Family Trust | 4207 E. Skyline Dr., Tucson, AZ 85718 | This claim will continue to be paid according to the existing note with monthly payments in the amount of $3,041.00 which includes taxes and insurance. |

These Creditors' legal, equitable, and contractual rights remain unchanged with respect to the above collateral. Creditors in these Classes shall retain their interest in the collateral until paid in full. **These Secured Claims are not Impaired and are not entitled to vote.**

**Class 5 Debtor to Make Regular Payments and Pay Arrears over Time**

| Class 5 | Name of Creditor | Description of Collateral | Arrears Amount | Payment Terms |
|---------|------------------|---------------------------|----------------|---------------|
| 5A | Bayview Loan Servicing, LLC | 621 N. 3rd Ave., Tucson, AZ 85705 | Pre-petition arrears of $1,738.40 and post-petition arrears of $10,978.02 to be paid over 60 months from the Effective Date. | Principal of $367,672.41, 4.0% fixed interest, amortization of 30 years with a maturity date of July 1, 2041. |

**These Secured Claims are Impaired and entitled to vote.**

10

**Class 6 Debtor to Strip Lien to Value of Collateral and Pay over Time**

| Class 6 | Name of Creditor | Description of Collateral | Collateral Value and Basis of Valuation | Payment Terms |
|---------|------------------|---------------------------|------------------------------------------|---------------|
| 6A | BBR Investments, LLC | 621 N. 3rd Ave., Tucson, AZ 85705 | $119,309.59 - 2nd Lienholder | $119,309.59 amortized over 30 years, with 5.0% fixed interest. |
| 6B | The Bank of New York Mellon Trust Company N.A. fka The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee, for GMACM Home Equity Loan Trust 2006-HE3 | 828 S. Langley Ave. Unit 105, Tucson, AZ 85710 | $18,261.29 - 2nd Lienholder | $18,261.29 amortized over 30 years, with 5.0% fixed interest + escrow. |
| 6C | Nationstar Mortgage LLC D/B/A Mr. Cooper | 826 S. Langley Ave. Unit 102, Tucson, AZ 85710 | $63,728.00 | $63,728.00 amortized over 30 years, with 5.0% fixed interest + escrow. |

11

| 6D | Deutsche Bank Trust Company Americas, as Trustee for Residential Accredited Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS7 | 826 S. Langley Ave. Unit 106, Tucson, AZ 85710 | $60,236.00 -1st lienholder | $60,236.00 amortized over 30 years, with 5.0% fixed interest + escrow. |
|---|---|---|---|---|

**6(a).** Debtor contends the value of the collateral is less than the amount of the Claim. Debtor will pay as a Secured Claim the amount equal to the value of the collateral as established by Bankruptcy Court order or stipulation. Debtor will pay the above Secured Claim in full with interest from the Effective Date through <u>number of payments</u> equal payments. Payments will be due on <u>date of the month</u> day of the month, starting on <u>payment start date</u>. Any remaining amount due is a general Unsecured Claim and will be treated in Class 11 below. If any creditor in Class 6 is making an election under § 1111(b), see ¶6(b) below.

**6(b). Deadline for Bankruptcy Code § 1111(b) Election.** Creditors with an Allowed Secured Claim in Class 6 may make a timely election under Bankruptcy Code § 1111(b) no later than the time specified in Bankruptcy Rule 3014. If any of the Secured Creditors with Claims in Class 6, secured by a lien on property of the estate, make the Bankruptcy Code § 1111(b) election, then the following terms apply instead of those stated above:

| Class 6 | Name of Creditor | Description of Collateral | Section 1111(b) Payment Terms |
|---|---|---|---|
| 6A | None | | |

**These Claims are Impaired and entitled to vote on Confirmation of the Plan.**

12

**Class 7 Debtor to Strip Lien**

| Class 7 | Name of Creditor | Description of Collateral | Payment Terms |
|---------|------------------|---------------------------|---------------|
| 7A | Citimortgage | 826 S. Langley Ave. Unit 102, Tucson, AZ 85710 | $7,980.39 to be paid as a Class 11 general unsecured claim |
| 7B | E*Trade Bank | 826 S. Langley Ave. Unit 106, Tucson, AZ 85710 | $26,311.93 to be paid as a Class 11 general unsecured claim |

Any Claim of a Creditor whose lien is stripped is a general Unsecured Claim and will be treated in Class 11 below. **These Claims are Impaired and entitled to vote.**

**Class 8 Debtor to Adjust Terms and Pay Amount in Full over Time**

| Class 8 | Name of Creditor | Description of Collateral | Amount Due | Interest Rate | Monthly Payment | Term |
|---------|------------------|---------------------------|------------|---------------|-----------------|------|
| 8A | Kinecta Federal Credit Union | 211 N. Green St., McHenry, IL 60050 | $64,114.87 | 3.75% fixed | $296.93 + escrow | 30 years |
| 8B | Ocwen Loan Servicing, LLC | 828 S. Langley Ave. Unit 105, Tucson, AZ 85710 | $44,938.71 | 5.0% fixed | $241.24 + escrow | 30 years |
| 8C | Louis A Banks & Eddice Cornelius | 832 S. Langley Ave. Unit 201, Tucson, AZ 85710 | $54,575.22 | 5.0% fixed | $431.58 + escrow | 15 years |

**These Claims are Impaired and entitled to vote on Confirmation of the Plan.**

13

### 2. Class 9 Priority Non-Tax Claims.

Certain Priority Non-Tax Claims referred to under Bankruptcy Code §§ 507(a)(1)-(7) are entitled to priority treatment. These Claims are to be treated as follows:

| Class 9 | Name of Creditor | Payment Terms |
|---------|------------------|---------------|
| 9A | None | |

**These Claims are Impaired and entitled to vote on Confirmation.**

### 3. Class 10 Priority Tax Claims.

Priority Tax Claims are Claims of governmental units for certain income, employment and other taxes described under Bankruptcy Code § 507(a)(8). These Claims are entitled to priority and must be paid pursuant to Bankruptcy Code §§ 1129(a)(9)(C) and (D). These Claims are to be treated as follows:

| Class 10 | Name of Creditor | Payment Terms |
|----------|------------------|---------------|
| 10A | Pima County, Arizona | $2,691.90 at 16% interest over a period not to exceed five years from date of petition. Payments are to begin 30 days after the Effective Date. |
| 10B | Pima County, Arizona | $5,922.00 at 16% interest over a period not to exceed five years from date of petition. Payments are to begin 30 days after the Effective Date. |

**These Claims are Impaired.**

■ **The Proponent Contends These Claims are Entitled to Vote.**

☐ **The Proponent Contends These Claims are Not Entitled to Vote.**

14

### 4.    Class 11 General Unsecured Claims.

General Unsecured Claims are not entitled to priority under Bankruptcy Code §507(a). These Claims are to be treated as follows: All allowed and approved claims under this Class shall be paid the sum of $2,625.00 on a quarterly basis, *pro rata*, from Debtors' disposable income, to be paid on the last day of each quarter, beginning with the quarter ending after the Effective Date, and continuing each quarter thereinafter for five years. Any liens held by the Class 11 creditors shall be null and void and removed as of the Effective Date.

| Class 11 | Name of Creditor | Payment Terms |
|----------|------------------|---------------|
| 11A | Citimortgage | $7,980.39 *pro rata* |
| 11B | E*Trade Bank | $26,311.93 *pro rata* |
| 11C | BBR Investments LLC | $55,790.63 *pro rata* |
| 11D | The Bank of New York Mellon Trust Company N.A. fka The Bank of New York Trust Company, N.A., as successor to JPMorgan Chase Bank, as Trustee, for GMACM Home Equity Loan Trust 2006-HE3 | $4,773.96 *pro rata* |
| 11E | Nationstar Mortgage LLC D/B/A Mr. Cooper | $5,666.26 *pro rata* |
| 11F | Deutsche Bank Trust Company Americas, as Trustee for Residential Accredited Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS7 | $4,951.45 *pro rata* |
| 11G | US Dept of Education | $6,696.72 *pro rata* |
| 11H | Navient Solutions, LLC | $52,851.18 *pro rata* |
| 11I | Navient Solutions, LLC | $70,781.75 *pro rata* |

15

| 11J | Wells Fargo Bank Small Business Lending Division | $1,414.24 *pro rata* |
|-----|---------------------------------------------------|---------------------|
| 11K | U.S. Bank NA dba Elan Financial Services | $9,818.13 *pro rata* |
| 11L | Wells Fargo Bank, N.A., Wells Fargo Card Services | $5,040.23 *pro rata* |
| 11M | Navient Solutions, LLC. | $53,043.20 *pro rata* |
| 11N | Navient Solutions, LLC. | $71,094.97 *pro rata* |
| 11O | Capital One Bank (USA), N.A. | $7,323.65 *pro rata* |
| 11P | Quantam3 Group LLC as agent for Comenity Capital Bank | $1,620.02 *pro rata* |
| 11Q | Northwest Allied Physicians LLC | $221.50 *pro rata* |
| 11R | Northwest Cardiology LLC | $253.29 *pro rata* |
| 11S | Bank of America, N.A. | $13,494.28 *pro rata* |
| 11T | Bank of America | $4,077.65 *pro rata* |
| 11U | Capital One | $5,607.00 *pro rata* |
| 11V | Cental Credit Service | $60.00 *pro rata* |
| 11W | Charter Communications | $20.66 *pro rata* |
| 11X | Chase Card | $24,000.00 *pro rata* |
| 11Y | Chase Card | $13,282.00 *pro rata* |
| 11Z | Chase Card | $10,000.00 *pro rata* |
| 11AA | Citibank/The Home Depot | $19,950.29 *pro rata* |
| 11BB | General Physician, P.C. | $171.94 *pro rata* |
| 11CC | General Physician, P.C. | $6.54 *pro rata* |
| 11DD | Kaleida Health | $75.00 *pro rata* |
| 11EE | Kaleida Health | $977.42 *pro rata* |
| 11FF | National Grid | $223.50 *pro rata* |
| 11GG | Southern Arizona Anesthesia Services | $188.60 *pro rata* |
| 11HH | The Hatford | $307.39 *pro rata* |

16

| 11II | Truly Nolen of America, Inc. | $215.00 *pro rata* |
| 11JJ | Wells Fargo | $476.18 *pro rata* |

Under Bankruptcy Code § 1129(a)(15), if an unsecured creditor objects to Confirmation, an individual debtor must either pay the present value of that Unsecured Claim in full or make distributions under the Plan totaling at least the value of Debtor's net disposable income over the greater of: (i) five years; or (ii) the time period during which the Plan provides for payments. Bankruptcy Code § 1129(a)(15) should be read and applied in conjunction with Bankruptcy Code § 1123(a)(4), which provides that Plan must provide the same treatment for each Claim in the particular Class.

**These Claims are Impaired and entitled to vote.**

### 5. Cramdown and Absolute Priority Rule.

If a Class of Creditors does not accept the Plan, Debtor will seek to obtain Confirmation through the cramdown provisions of Bankruptcy Code § 1129(b). This means that the Plan must be fair and equitable to the Class that does not accept the Plan. The test for whether the Plan is fair and equitable is found under Bankruptcy Code § 1129(b).

The balance of this section only applies if a Class of Unsecured Claims does not accept the Plan. In that instance, Debtor seeks Confirmation of the Plan pursuant to Bankruptcy Code § 1129(b). The Absolute Priority Rule is contained in Bankruptcy Code § 1129(b)(2)(B). If a Class of Unsecured Claims has not voted to accept the Plan, the Absolute Priority Rule provides that Debtor may not retain property unless the holders of Claims in the Class are paid in full.

If a Class of Unsecured Claims does not accept this Plan, Debtor will (mark all that apply):

☐ Allege that the Absolute Priority Rule does not apply in this Chapter 11 case.

☐ Withdraw this Plan.

☐ Sell or surrender all of their non-exempt property and pay any resulting proceeds to Creditors.

17

☐ Increase the distribution to the holders of Unsecured Claims such that each holder is paid in full.

■ Other. Describe: Evaluate expenses and increase the distribution to the holders of Unsecured Claims.

**C.**     **Acceptance of Rejection of Plan.**

Each Impaired Class of Creditors with Claims against Debtor's estate shall be entitled to vote separately to accept or reject the Plan. A Class of Creditors shall have accepted the Plan if the Plan is accepted by at least two-thirds in the aggregate dollar amount and more than one-half in number of holders of the Allowed Claims of such Class that have voted to accept of reject the Plan.

In the event that any Impaired Class of Creditors shall fail to accept the Plan in accordance with Bankruptcy Code § 1129(a), the Proponent reserves the right to request that the Bankruptcy Court confirm the Plan in accordance with Bankruptcy Code § 1129(b).

**D.**     **Means of Effectuating the Plan.**

   **1.**     **Funding for the Plan.**

The Plan will be funded as follows:

☐ $Amount of money of cash available on the Effective Date;

☐ Effective Date Payments, estimated to total $ , of which $ constitutes new value.

☐ A sale of property(ies) identified below, which is estimated to produce net proceeds of $ no later than Date;

■ Projected net/disposable income of not less than $875 per month for a term of 60 months as calculated and set forth in greater detail Exhibit 2 attached hereto; and/or

☐ Other sources of funding in the amount of $ , to be paid.

☐ in whole on the Effective Date;

☐ in whole no later than Date; or

☐ in partial amount not less than $ per month for a term of # of months.

18

2.      **Assets Retained By the Debtor.**

      a.      **Non-Exempt Assets Retained by Debtor:**

All non-exempts assets will be retained by debtor and have been included in the liquidation analysis.

      b.      **Exempt Assets Retained by Debtor:**

All exempts assets will be retained by debtor and have been included in the liquidation analysis.

**E.      Feasibility.**

    The feasibility of Debtor's Plan is set forth in Exhibit 2, attached to the Disclosure Statement.

**F.      Liquidation Analysis.**

    An analysis of the liquidation values and expenses is attached as Exhibit 3 to the Disclosure Statement.

**G.      Disbursing Agent.**

    Debtor shall serve as the Disbursing Agent without compensation and without posting a bond.

**IV.      TREATMENT OF MISCELLANEOUS ITEMS**

**A.      Executory Contracts and Unexpired Leases.**

      **1.      Assumptions.**

The following are the unexpired leased and executory contracts previously assumed or that are to be assumed as obligations of the Reorganized Debtor under the Plan:

**Assumed or To Be Assumed Executory Contracts and Unexpired Leases**

| Counterparty | Description of Agreement | Payment Terms | Cure Amounts |
|---|---|---|---|
| Toyota Lease Trust | Lease of 2016 Toyota Highlander | $538.15 monthly which matures on 12/17/2018 | $148.93 |

On the Effective Date, any of the unexpired leases and executory contracts listed above that have

19

not previously been assumed shall be assumed as obligations of the Reorganized Debtor. The Order of the Bankruptcy Court confirming the Plan shall constitute an Order approving the assumption of each lease and contract listed above. **If you are a party to a lease or contract to be assumed and you object to the assumption of your lease or contract, you must file and serve your objection to the Plan within the deadline for objecting to the Confirmation of the Plan.**

        **2.**        **Rejections.**

        The following are the unexpired leased and executory contracts that have previously been rejected or that are to be rejected under the Plan:

**Rejected or To Be Rejected Executory Contracts and Unexpired Leases**

| Counterparty | Description of Agreement |
|---|---|
| None | |

        **3.**        **Claims Bar Date for Rejected Contracts and Leases.**

        On the Effective Date, all executory contracts not assumed shall be deemed to be rejected. The Order confirming the Plan shall constitute an order approving the rejection of the leases or contracts that have not previously been rejected. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must filed and serve your objection to the Plan within the deadline for objecting to the Confirmation of the Plan. **THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION UNDER THE PLAN OF A LEASE OR CONTRACT IS THIRTY (30) DAYS FROM THE EFFECTIVE DATE OF THE PLAN.** Any Claim based on the rejection of executory contracts or unexpired leases will be barred if the proof of Claim is not timely filed, unless the Bankruptcy Court later orders otherwise.

        **B.**        **Retention of Jurisdiction.**

        The Bankruptcy Court shall retain jurisdiction of this case pursuant to the provisions of the

20

Bankruptcy Code, pending the final allowance or disallowance of all Claims affected by the Plan, and to make such orders as are necessary or appropriate to carry out the provisions of this Plan.

In addition, the Bankruptcy Court shall retain jurisdiction to implement the provisions of the Plan in the manner as provided under Bankruptcy Code § 1142(a)-(b). If the Bankruptcy Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter set forth in this Section, or if Debtor or the Reorganized Debtor elect to bring an action or proceeding in any other forum, then this Section shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court, public authority or commission having competent jurisdiction over such matters.

**C.      Procedures for Resolving Contested Claims.**

Objections to Unsecured Claims, except for those Claims more specifically deemed Allowed in the Plan, may be filed by Reorganized Debtor or any party in interest up to and including sixty (60) days following the entry of the Confirmation Order. With respect to disputed Claims, the Disbursing Agent will hold in a separate interest bearing reserve account such funds as would be necessary to make the required distribution on the Claim as listed either in Debtor's schedules or the filed proof(s) of claim.

**D.      Notices under the Plan.**

All notices, requests or demands with respect to this Plan shall be in writing and shall be deemed to have been received within five (5) days of the date of mailing, provided they are sent by U.S. mail, postage prepaid by Proponent to the address identified in a party's proof of claim filed in this case and to the address identified in a party's notice of appearance filed with the Court, and if sent to the Proponent, addressed to: Eric Slocum Sparks, P.C.,  3505 North Campbell Avenue, #501, Tucson, Arizona 85719.

**V.      EFFECT OF CONFIRMATION OF PLAN**

**A.      Discharge.**

Under Bankruptcy Code § 1141 (d)(5), an individual Debtor will not be discharged from any debts unless and until: (i) Debtor completes all payments under the Plan and obtains an order of the Bankruptcy

21

Court granting a discharge; (ii) the Bankruptcy Court grants a limited ("hardship") discharge as allowed under Bankruptcy Code § 1441(d)(5)(B); or (iii) the Bankruptcy Court orders otherwise for cause. Notwithstanding the other terms of this paragraph, non-dischargeable debts under Bankruptcy Code § 523 will not be discharged.

If Confirmation of this Plan does not occur, the Plan shall be deemed null and void. In such event, nothing contained in this Plan shall be deemed to constitute a waiver or release of any Claims against Debtor or its estate or any other Persons, or to prejudice in any manner the rights of Debtor or its estate or any Person in any further proceeding involving Debtor or its estate. The provisions of this Plan shall be binding upon Debtor and all Creditors, regardless of whether such Claims are Impaired or whether such parties accept this Plan, upon Confirmation thereof.

### B. Re-vesting of Property in Debtor.

Except as provided in Section V(D) below, Confirmation re-vests all of the property of the estate in Debtor.

### C. Modification of Plan.

The Proponent may modify the Plan at any time before Confirmation. The Bankruptcy Court, however, may require a new disclosure statement or re-voting on the Plan of the Proponent modifies the Plan before Confirmation. The Proponent may also seek to modify the Plan at any time after Confirmation as long as: (I) the Plan has not been substantially consummated; and (ii) the Bankruptcy Court authorized the proposed modification after notice and a hearing.

### D. Post-Confirmation Conversion/Dismissal.

A creditor or party in interest may bring a motion to convert or dismiss the case under Bankruptcy Code § 1112(b), after the Plan is confirmed, if there is a default in performing under the Plan. If the Bankruptcy Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be re-imposed upon the re-vested property only to the extent that relief from stay was not previously granted by the Bankruptcy Court during this case.

22

**E.**     **Post-Confirmation Quarterly Fees.**

Quarterly fees pursuant to 28 U.S.C. § 1930(a)(6) continue to be payable to the office of the United States Trustee post-Confirmation until such time as the case is converted, dismissed or closed pursuant to a final decree.

DATED: September 26, 2018

*THE LAW OFFICES OF*
*ERIC SLOCUM SPARKS, P..C.*

/s/ Sparks AZBAR #11726
Eric Slocum Sparks
Attorney for Debtors

COPIES of the foregoing
mailed September 26, 2018 to:

United States Trustee
230 N. First Ave. #204
Phoenix, AZ 85013

Tiffany & Bosco
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, AZ 85016
*Attorneys for Bayview Loan Servicing, LLC*

ALDRIDGE PITE, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
*Attorneys for Ocwen Loan Servicing, LLC*

Shapiro,Van Ess & Sherman, LLP
3636 N Central Ave., Suite 400
Phoenix, AZ 85012
Attorneys for Kinecta Federal Credit Union

Dovenmuehle Mortgage, Inc.
1 Corporate Drive
Suite 360
Lake Zurich, Illinois 60047-8924

Tiffany & Bosco

23

Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, AZ 85016
*Attorneys for Toyota Lease Trust*

/s/ A. Court-Sanchez

24