Josephine E. Salmon (SBN 020630)
jsalmon@aldridgepite.com
Janet M. Spears (SBN 023833)
jspears@aldridgepite.com
**ALDRIDGE | PITE, LLP**
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Telephone: (858) 750-7600
Facsimile: (619) 590-1385

Attorneys for Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS7 and its loan servicer Ocwen Loan Servicing, LLC

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA – TUCSON DIVISION

| | |
|---|---|
| In re<br><br>JAY D SEXTON and RUBY L SEXTON,<br><br>Debtor(s). | Case No. 4:18-bk-03317-SHG<br><br>Chapter 11<br><br>**STIPULATION RE: TREATMENT OF CLAIM UNDER DEBTORS' PROPOSED CHAPTER 11 PLAN**<br><br>**SUBJECT PROPERTY:**<br>826 S Langley Ave Unit 106<br>Tucson, AZ 85710 |

This Stipulation is entered into by and between Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS7 and its loan servicer Ocwen Loan Servicing, LLC ("Creditor"), by and through its attorneys of record, and Debtors, JAY D SEXTON and RUBY L SEXTON ("Debtors") by their attorney of record. The property which is the subject of this matter is commonly known as 826 S Langley Ave Unit 106, Tucson, AZ 85710 ("Property"), which is more fully described in the Deed of Trust.

/././

/././

**RECITALS:**

On May 5, 2006, Ruby Lawing (the "Borrower") executed a promissory note in the principal sum of $70,350.00 (the "Note"). The Note reflects that it was specially indorsed to Creditor. (*See* Claim No. 17-1). The Note is secured by a Deed of Trust (the "Deed of Trust") granting a security interest in the Property, which is more fully described in the Deed of Trust. (*See* Claim No. 17-1). The Note and Deed of Trust are collectively referred to as the "Subject Loan". (*See* Claim No. 17-1).

Subsequently, interest in the Deed of Trust was assigned to Creditor. (*See* Claim No. 17-1).

On March 30, 2018, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code and were assigned bankruptcy case no. 4:18-bk-03317-SHG. (*See* Docket No. 1).

On May 24, 2018 Creditor filed its Proof of Claim listing a secured claim of $65,187.45, including *pre-petition* arrears of $6,073.05. (*See* Claim No. 17-1).

On September 26, 2018, Debtors filed their proposed Chapter 11 Plan of Reorganization ("Plan") and Disclosure Statement. (Dkt Nos. 64-65).

On October 9, 2018, Creditor filed an Objection to the Plan. (Dkt No. 71).

As of May 31, 2019, the approximate amount owed on the Subject Loan is in the sum of $73,178.57.

**THE PARTIES STIPULATE AS FOLLOWS:**

1.  Creditor shall have a fully secured claim in the amount of $73,178.57 (the "Secured Claim") amortized over thirty (30) years at 6.50% fixed interest per annum in the Debtors' Chapter 11 Plan.

2.  Debtors shall tender monthly principal and interest payments ("Principal and Interest Payments") in the sum of **$462.54** to Creditor for the Secured Claim commencing **June 1, 2019**, and continuing on the same day of each month thereafter until the Secured Claim is paid in full.

3. In addition to the Principal and Interest Payments, Debtors shall tender monthly escrow payments of **$51.46** ("Escrow Payment") to Creditor for real **property taxes**. Escrow Payments shall commence **June 1, 2019**, and continue each month thereafter. The amount of the monthly Escrow Payment is subject to change pursuant to the terms of the Subject Loan documents. The Debtors understand that the Subject Loan is escrowed. Debtors must obtain Creditor's express written consent if they wish to de-escrow the account.

4. Debtors shall maintain hazard insurance and homeowner's association dues for the Property (if any). In the event Creditor receives notice that Debtors have failed to maintain insurance for the Property or in the event Debtors fail to provide Creditor with proof of adequate insurance coverage, Creditor reserves its right to advance said funds on the Debtors' behalf and seek recovery from the Debtors through an escrow impound consistent with the terms of the loan documents.

5. Except as otherwise expressly provided herein, all remaining terms of the Note and Deed of Trust shall govern the treatment of Creditor's Secured Claim.

6. In the event the Debtors default on any of the provisions contained in this Stipulation prior to confirmation of the Plan, Creditor shall provide the Debtors and the Debtors' counsel with written notice of said default via first class mail ("Default Notice"). In the event the Debtors fail to cure the default amount after the passage of fourteen (14) calendar days from the date of service of the Notice of Default, the automatic stay of 11 U.S.C. § 362 shall terminate without further notice or order of the Court. Thereafter, Creditor may proceed with default remedies under applicable state law including foreclosure. The default procedures contained in this paragraph shall only be required prior to confirmation of the Plan. The automatic stay of 11 U.S.C. § 362 shall terminate upon confirmation of the Plan. In the event the Debtors default on any of the above provisions after confirmation of the Plan, Creditor shall proceed with default remedies under the loan documents and pursuant to applicable state law.

7. The acceptance by Creditor of a late or partial payment shall not act as a waiver of Creditor's right to proceed hereunder.

8. The terms of this Stipulation are contingent upon the substantial consummation of the Debtors' confirmed Plan. The terms of this Stipulation shall be incorporated into any Amended Plan and/or the Order of Confirmation. In the event of any discrepancy between the terms of this Stipulation and the terms of the Debtors' Plan, the terms of this Stipulation shall control the treatment of Creditor's claim.

9. In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the United States Bankruptcy Code prior to completion of the Debtors' Chapter 11 Plan payments, receipt of a discharge, and entry of a final decree, the terms of this Stipulation shall be void and Creditor shall retain its lien in the full amount due under the Note.

10. In the event the Debtors seek to sell the Property prior to receipt of a discharge, the parties shall retain all rights under 11 U.S.C. §363.

11. Creditor shall not be required to release the loan from bankruptcy status and/or resume regular monthly statements until entry of a final decree and the close of the Debtors' Chapter 11 case.

12. In the event the Debtors asserts that Creditor has failed to properly update its internal system to comply with the terms of this Stipulation within a reasonable period of time after an order is entered confirming the Debtors' Chapter 11 Plan of Reorganization, which shall be no less than ninety (90) days, the Debtors shall be required to provide written notice of the alleged lack of compliance to Creditor and Creditor's counsel of record, Aldridge Pite, LLP at 4375 Jutland Drive, Suite 200, San Diego, CA 92117, indicating the nature of the alleged lack of compliance. If Creditor fails to either remedy the alleged lack of compliance and/or provide an explanation refuting the Debtors' allegation after the passage of ninety (90) days from the date Creditor receives said written notice (the "Meet and Confer Period") the Debtors may proceed with filing the appropriate motion in bankruptcy court seeking Creditor's compliance.

/././
/././
/././
/././

13. Creditor shall cast a ballot accepting the Debtors' proposed Chapter 11 Plan of Reorganization if such Plan and/or Order of Confirmation incorporates fully the terms of this Stipulation and the Debtors are in compliance with the terms of the Stipulation as of the ballot deadline. Creditor hereby withdraws its Objection to Confirmation of the Plan.

**IT IS SO STIPULATED:**

**ERIC SLOCUM SPARKS PC**

_____
ERIC SLOCUM SPARKS

**ALDRIDGE PITE, LLP**

Dated: /s/ _____
Janet M. Spears (SBN 023853)
Attorneys for Creditor Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS7 and its loan servicer Ocwen Loan Servicing, LLC

j. Sexton

- 5 -
Case No. 4:18-bk-03317-SHG
**STIPULATION RE TREATMENT OF CLAIM UNDER CHAPTER 11 PLAN**