| | |
|---|---|
| 1 | Janet M. Spears (SBN 023833) |
| 2 | jspears@aldridgepite.com |
|   | Josephine E. Salmon (SBN 020630) |
| 3 | jsalmon@aldridgepite.com |
|   | **ALDRIDGE | PITE, LLP** |
| 4 | 4375 Jutland Drive, Suite 200 |
|   | P.O. Box 17933 |
| 5 | San Diego, CA 92177-0933 |
|   | Telephone: (858) 750-7600 |
| 6 | Facsimile: (619) 590-1385 |
| 7 | Attorneys for Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS7 and its loan servicer Ocwen PHH Mortgage Corporation |

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re | Chapter 11 |
| JAY D SEXTON and RUBY L SEXTON, | Case No. 4:18-bk-03317-SHG |
| Debtor(s). | **OPPOSITION TO MOTION TO AUTHORIZE THE SALE OF REAL PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND INTERESTS** |
| | **SUBJECT PROPERTY:** 826 S. Langley Avenue, Unit 106 Tucson, AZ 85710 |
| | **HEARING:** Date: March 5, 2020 Time: 2:15 p.m. Place: Courtroom 329 38 S. Scott Avenue, Tucson, AZ Judge: Hon. Scott H. Gan |

Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS7 and its loan servicer Ocwen PHH Mortgage Corporation ("Creditor"), secured creditor of the above-entitled Debtors, JAY D SEXTON and RUBY L SEXTON ("Debtor") hereby submits its *Opposition to Debtors' Motion to Authorize the Sale of Real Property Free and Clear of Liens, Claims, Encumbrances and Interests* ("Opposition"). The basis of the Opposition is stated below:

- 1 - Case No. 4:18-bk-03317-SHG
**OPPOSITION TO MOTION TO SELL**

# I. STATEMENT OF FACTS[1]

## A. LOAN HISTORY

On May 5, 2006, Ruby Lawing (the "Borrower") executed a promissory note in the principal sum of $70,350.00 (the "Note"). The Note reflects that it was specially indorsed to Creditor. (*See* Claim No. 17-1). The Note is secured by a Deed of Trust (the "Deed of Trust") granting a security interest in the real property located at 826 S Langley Ave Unit 106, Tucson, AZ 85710 ("Property"), which is more fully described in the Deed of Trust. (*See* Claim No. 17-1). The Note and Deed of Trust are collectively referred to as the "Subject Loan". (*See* Claim No. 17-1).

Subsequently, interest in the Deed of Trust was assigned to Creditor. (*See* Claim No. 17-1).

## B. THE BANKRUPTCY CASE

On March 30, 2018, Debtors filed a voluntary petition under Chapter 11 of the Bankruptcy Code and were assigned bankruptcy case no. 4:18-bk-03317-SHG. (*See* Docket No. 1).

On May 24, 2018 Creditor filed its Proof of Claim listing a secured claim of $65,187.45, including *pre-petition* arrears of $6,073.05. (*See* Claim No. 17-1).

On June 4, 2019, the Court entered an Order Approving the Stipulation Re Treatment of Creditor's Claim under Debtors' Chapter 11 Plan ("Stipulation" and "Order"). (Dkt Nos. 153, 171). The Stipulation provided for the following material terms:

> Creditor shall have a fully secured claim in the amount of $73,178.57 (the "Secured Claim") amortized over thirty (30) years at 6.50% fixed interest per annum in the Debtors' Chapter 11 Plan. (Stipulation, ¶1).
>
> In the event the Debtors seek to sell the Property prior to receipt of a discharge, the parties shall retain all rights under 11 U.S.C. §363. (Stipulation, ¶10).

A copy of the Stipulation and Order are collectively attached hereto as **Exhibit A** and incorporated herein by reference.

---

[1] Pursuant to Rules 201(b) and 201(d) of the Federal Rules of Evidence, which are made applicable to this proceeding by Rule 9017 of the Federal Rules of Bankruptcy Procedure, Creditor requests that the Court take judicial notice of the documents and other records on file in the this case.

On December 19, 2019, Debtors filed their proposed *Second Non-Adverse Modification of First Amended Chapter 11 Plan of Reorganization* ("Amended Plan"). (Dkt No. 246). Debtors' Liquidation Analysis indicates the Property has a value of **$60,236.00**, resulting in a negative equity cushion. (*See* Amended Plan, Exhibit 2).

On January 3, 2020, Creditor filed an Objection to the Amended Plan (Dkt No. 251).

On February 4, 2020, Debtors filed their *Motion to Authorize the Sale of Real Property Free and Clear of Liens, Claims, Encumbrances and Interests* ("Motion Sell"). Although not entirely clear, it appears the Debtors are requesting blanket approval to sell the real properties free and clear of liens at some date in future without receiving offers to purchase the properties. Debtors seek an order approving: (1) the sale of the properties free and clear of liens, claims, encumbrances, and interests (the "Proposed Sale"); and (2) payment of closing costs related thereto, including brokerage commissions. Debtors allege the Sales have been proposed in good faith, constitute the sound exercise of the Debtors' business judgment, and are in the best interest of this estate. In addition, Debtors allege the sale of the properties will be negotiated at arm's length, without collusion, and in good faith. The Debtors accordingly request that the Court find any potential buyer to be acting in good faith and entitled to the protections of a good faith purchaser under Section 363(m.) Finally, Debtors allege the properties may sold free and clear of liens under §363(f)(2) if all lenders consent. Debtors assert consent should be implied if secured creditors fail to object to the Motion to Sell.

### C. LOAN STATUS

As of February 29, 2020, the approximate amount owed on the Subject Loan totals **$72,624.56**. A copy of a Payoff Quote is attached hereto as **Exhibit B**.

## II. ARGUMENT

### A. THE PROPOSED SALE FAILS TO SATISFY §363

#### 1. Legal Authority

Section 363(b) of the Bankruptcy Code provides, in pertinent part: "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate…" 11 U.S.C. § 363(b)(1). A chapter 11 debtor in possession has the rights

and powers of a trustee under section 363(b). *See* 11 U.S.C. § 1107. The authority of a debtor or trustee under section 363(b) is limited by section 363(f), which prescribes the limited circumstances in which a sale of estate property can be made free and clear of interests in such property. *In re Flyboy Aviation Properties*, *LLC*, 501 B.R. 828, 834 (Bankr. N.D. Ga. 2013); *See also In re Thorpe Insulation Co.*, 2011 WL 1378537, at *1-2 (C.D. Cal. 2011) (noting that "the plain language of § 363(f) shows that subsection to be a limitation on the bankruptcy court's powers under § 363(b) and (c)). With respect to lienholders, the Bankruptcy Code allows a secured creditor to object to a sale free and clear unless that secured creditor's claim is paid in full. *In re Popp*, 323 B.R. 260, 265 (9th Cir. BAP 2005) (citing 11 U.S.C. § 363(f)(3)).

Section 363(f) provides in pertinent part:

> **(f)** The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, ***only if***-
> **(1)** applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> **(2)** *such entity consents*;
> **(3)** *such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property*;
> **(4)** such interest is in bona fide dispute; or
> **(5)** such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f). (emphasis added). Debtors are only entitled to relief under section 363(f)(3) if the final sale price of the Property is more than the aggregate amount of the liens on the Property. *See* 11 U.S.C. § 363(f)(3); *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 33 (9th Cir. BAP 2008) (recognizing that a free and clear sale under section 363(f)(3) is only authorized if the sale price exceeds the aggregate value of all liens); *See also In re Wing*, 63 B.R. 83, 85 (Bankr. M.D. Fla. 1986) (in order for the court to authorize a sale free and clear of liens pursuant to § 363(f)(3), the purchase price must exceed the total value of all liens or claims against the property, not just the liens of the first priority lienholders).

2. **The Motion to Sell Fails to Comply with §363(b).**

In the present case, Debtors have yet to receive an offer to purchase the Property. Although not entirely clear, it appears the Debtors are requesting blanket approval to sell the real

- 4 -   Case No. 4:18-bk-03317-SHG
OPPOSITION TO MOTION TO SELL
Case 4:18-bk-03317-SHG    Doc 269    Filed 02/14/20    Entered 02/14/20 12:06:53    Desc
Main Document    Page 4 of 7

properties free and clear of liens at some date in future without receiving offers to purchase the properties. Debtors allege the Sales have been proposed in good faith, constitute the sound exercise of the Debtors' business judgment, and are in the best interest of this estate. In addition, Debtors allege the sale of the properties will be negotiated at arm's length, without collusion, and in good faith. However, it is impossible for the Debtors or Court to make a finding of good faith, sound business judgment, interests of the estate, and approval for an arm's length transaction to a non-insider at this time. Debtors have yet to receive an offer to purchase the Property. As a result, the Debtors' request to approval a sale under §363 is premature.

### 3. Debtors have Failed to Satisfy §363(f).

First Debtors have failed to satisfy §363(f)(2). Debtors allege the properties may sold free and clear of liens under §363(f)(2) if all lenders consent. Debtors assert consent should be implied if secured creditors fail to object to the Motion to Sell. However, §363(f)(2) does not contemplate implied consent to a sale. Debtor must obtain affirmative consent for a short sale. Regardless, Creditor has not consented to the sale of the Property free and clear of liens. As a result, the Property may not be sold free clear of liens under §363(f)(2).

Second, Debtors cannot satisfy §363(f)(3) as the alleged value of the Property is less than the amount of Creditor's Claim. Debtors' Liquidation Analysis indicates the Property has a value of **$60,236.00**, resulting in a negative equity cushion. (*See* Amended Plan, Exhibit 2). As of February 29, 2020, the approximate amount owed on the Subject Loan totals **$72,624.56**. (*See* Exhibit B). The language of the statute is clear, property of the estate may be sold free and clear of liens ***only if the price at which such property is to be sold is greater than the aggregate value of all liens on such property.*** 11 U.S.C. §363(f)(3).

Section §363(f)(3) requires a sale price greater than the aggregate "face value" of the liens. *See, e.g., Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25 (B.A.P. 9th Cir. 2008); *Criimi Mae Servs. Ltd. P'ship v. WDH Howell, LLC (In re WDH Howell, LLC)*, 298 B.R. 527 (D.N.J. 2003); *In re Canonigo*, 276 B.R. 257 (Bankr. N.D. Cal. 2002); *In re Feinstein Family P'ship*, 247 B.R. 502 (Bankr. M.D. Fla 2000); *In re Perroncello*, 170 B.R. 189 (Bankr. D. Mass. 1994); *Richardson v. Pitt County (In re Stroud Wholesale, Inc.)*, 47 B.R. 999 (E.D.N.C.

1985), aff'd mem., 983 F.2d 1057 (4th Cir. 1986); *Scherer v. Fed. Nat'l Mortgage Ass'n (In re Terrace Chalet Apartments, Ltd.*), 159 B.R. 821 (N.D. Ill. 1993); *In re Nance Props.*, 2011 Bankr. LEXIS 4418, *3, 55 Bankr. Ct. Dec. 194, 2011 WL 5509325.

Statutory "aggregate value of all liens" means the full amount of all debt secured by the liens. Sales free and clear of liens and interests may be justified by (f)(3) only if the sale price will exceed the aggregate value of all liens on the property. This interpretation is consistent with the well-established rule that the bankruptcy court should not order the sale of property free and clear of interests and liens unless the court is satisfied that the sale proceeds will fully compensate the secured lienholders and produce some equity for the estate. *In re Stroud Wholesale, Inc.*, 47 B.R. 999, 1001-1002 (E.D.N.C. 1985). The 1984 congressional amendment replaced "such interest" at the end of § 363(f)(3) with "all liens on such property." *Id.* (citing Bankruptcy Amendment & Federal Judgeship Act of 1984, Pub. L. No. 95-353, 92 Stat. 353, 372). This amendment manifested Congress' intent that sales free and clear of liens pursuant to § 363(f)(3) are permitted only if the proceeds from the sale exceed the total amount of all liens on the property. *Id.* Accordingly, Debtors have failed to satisfy §363(f)(3).

Third, Debtors have not established any grounds under section 363(f) that would enable a sale of the Property free and clear of Creditor's lien. On the contrary, applicable nonbankruptcy law does not permit the sale of the Property free and clear of Creditor's lien. Thus, section 363(f)(1) does not apply in this case. Since Debtors have not received Creditor's consent to the proposed sale of the Property, section 363(f)(2) is inapplicable. Further, because there is no bona fide dispute regarding the validity of Creditor's lien, section 363(f)(4) is inapplicable in this case. Indeed, Debtors have acknowledged the validity of Creditor's lien in its Schedules and Motion to Sell. Finally, section 363(f)(5) is not invoked by the facts of this case because the subsection does not apply to liens. *See e.g., In re Canonigo*, 276 B.R. 257, 266 (Bankr. N.D. Cal. 2002) ("Section 363(f)(5) was intended to apply only to interests in property other than liens."); *In re Takeout Taxi Holdings, Inc.*, 307 B.R. 525, 534 (Bankr. E.D. Va. 2004) (subsection (f)(5) "is intended for interests other than typical monetary liens."). Even if it did, Debtors have not identified any legal or equitable proceeding in which Creditor could be compelled to accept a

money satisfaction of its interest. Notably, the cramdown provisions of section 1129(b)(2) do not qualify as a "legal or equitable" proceeding within the meaning of section 363(f)(5). *See Clear Channel,* 391 B.R. at 46. Based upon the foregoing, the Motion to Sell violates 11 U.S.C. § 363(f) and must be denied.

**B.  DEBTORS FAILED TO OBTAIN COURT AUTHORIZATION TO EMPLOY A BROKER OR LIST THE PROPERTY FOR SALE**

Pursuant to §327(a), a debtor must obtain court approval prior to the employment of a disinterested professional, such as a real estate broker. 11 U.S.C. §327(a). When a debtor seeks to hire a professional, an employment application must reveal all connections between the professional and the debtor, the creditors, and any other party in interest. *In re Begun*, 162 B.R. 168 (Bankr. N.D. Ill.1993). Failure to make the appropriate disclosures may result in a sanction or reduction in fees. Even if there is no actual harm to the estate, the bankruptcy system is harmed. *In re LSS Supply, Inc.*, 247 B.R. 280 (Bankr. D. Ariz. 2000). Moreover, a professional person seeking appointment pursuant to section 327(a) is charged with the responsibility of knowing that approval is necessary and insuring that it has in fact been sought. *In re F/S Airlease II, Inc.*, 844 F.2d 99 (3d Cir. 1988).

Here, Debtors have yet to file a Motion to Employ a Broker to list the Property for sale. While the Debtors filed an Application to Employ a Broker, the Application related to different real property. Accordingly, the Court should deny any Motion to Sell which proposes to pay broker commissions related to the sale of the Property. Based on the foregoing, the Motion to Sell must be denied.

**WHEREFORE**, Creditor respectfully requests:

1. That the Motion to Sell be denied; and
2. For such other and further relief as this Court deems just and proper.

**ALDRIDGE PITE, LLP**

Dated: February 14, 2020

*/s/ Janet M. Spears*
Janet M. Spears (SBN 023833)
Attorneys for Creditor Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS7 and its loan servicer Ocwen PHH Mortgage Corporation

- 7 -     Case No. 4:18-bk-03317-SHG
OPPOSITION TO MOTION TO SELL